# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **ALLEN ENGSTROM** | : | **CASE NO:** |
| c/o Minnillo Law Group Co., LPA | : | |
| 2712 Observatory Avenue | : | **JUDGE:** |
| Cincinnati, Ohio 45208 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **LOVE'S TRAVEL STOPS &** | : | **COMPLAINT** |
| **COUNTRY STORES, INC.** | : | |
| 10601 N. Pennsylvania Avenue | : | **Demand for Jury Trial** |
| Oklahoma City, Oklahoma  73210 | : | |
| c/o CT Corporation System, | : | |
| Registered Agent | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, Ohio  43219 | : | |
| | : | |
| **Defendant.** | : | |

Now comes plaintiff Allen Engstrom ("Mr. Engstrom"), and for his Complaint against defendant Love's Travel Stops & Country Stores, Inc., ("Love's") states as follows:

## I.  PRELIMINARY STATEMENT

1. Plaintiff Allen Engstrom brings this action against defendant because after being attacked during the course and scope of his employment with defendant, defendant unlawfully denied him leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") and immediately discharged him in retaliation for asserting his rights under the FMLA and the Ohio Workers' Compensation Act, R.C. 4123.01 *et seq.*

2. Plaintiff seeks reinstatement, back pay, liquidated damages, attorney fees and all other remedies available under applicable law.

## II. JURISDICTION

3.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.  Federal jurisdiction is appropriate in this case to secure protection under and redress deprivations of rights conferred by the federal Family and Medical Leave Act 29 U.S.C. § 2601, et seq. ("FMLA").

4.      This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because his state law claims derive from the same operative facts and are so related to his federal claims over which the Court has original jurisdiction that they form a part of the same case or controversy.

5.      Venue with this Court is appropriate because the actions out of which these claims arise occurred within the Northern District of Ohio.

## III.  PARTIES

6.      Plaintiff Allen Engstrom is a citizen of the United States and resides in Medina County, Ohio.

7.      Prior to April 27, 2021, Mr. Engstrom had been employed by defendant for at least 12 months and worked at least 1,250 hours within the previous 12 months.

8.      Mr. Engstrom was at all relevant times an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2)(A).

9.      Defendant Love's Travel Stops & Country Stores, Inc. is a for-profit Oklahoma corporation doing business in Ohio.

10.     Defendant Love's employed at least fifty (50) or more employees within 75 miles of plaintiff's worksite.

11.     Defendant is a convenience store that is in the business of providing gasoline, fast food, tire sales and repair, garage services and roadside assistance.

12.     Defendant is an employer subject to the FMLA pursuant to 29 U.S.C. § 2611(4)(A).

13.     Defendant is an employer subject to the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq*.

14.     Defendant is an employer subject to the Ohio Workers' Compensation Act, R.C. 4123.01 *et seq.*

## IV. FACTS

15.     Mr. Engstrom was hired by defendant as a diesel technician in or about March 2018. During the relevant time period, he worked out of defendant's location at 10145 Avon Lake Road in Burbank, Ohio.

16.     Among other duties as a diesel technician, Mr. Engstrom was responsible for responding to calls for assistance by motorists on the road.

17.     On March 28, 2021, Mr. Engstrom was dispatched to a motorist assistance call. During that call, he was attacked and suffered an accidental occupational injury in the course and scope of his employment.

18.     Mr. Engstrom sustained both physical and psychological injuries as a result of the attack.

19.     Mr. Engstrom advised defendant that he would seek benefits under the Ohio Workers' Compensation System.  Defendant attempted to dissuade him from obtaining treatment.

20.     On or about April 27, 2021, Mr. Engstrom advised Thomas Hill, General Manager of defendant's Burbank, Ohio location, that he would like to take FMLA leave due to a serious health condition that made him unable to perform the functions of his job.

21.     Immediately after Mr. Engstrom requested FMLA leave, Mr. Hill terminated him.

22.     On May 6, 2021, a letter was sent to defendant giving notice that Mr. Engstrom had retained legal representation and was requesting a complete copy of the records that defendant is

legally required to maintain for employees relating specifically to Ohio Constitution Article II, Section 34(a), R.C. 4111.08, and R.C. 4111.10.

23.     The May 6, 2021 letter further provided notice that defendant had violated R.C. 4123.90 when it discharged Mr. Engstrom.  A true and correct copy of the May 6, 2021 letter is attached as Exhibit A.

24.     Defendant received Exhibit A on May 11, 2021 at 10:06 a.m.  A true and correct copy of the USPS Tracking Detail is attached as Exhibit B.

25.     Pursuant to R.C. 4111.14(G)(3), defendant was required to provide the information requested in Exhibit A within "thirty business days after the date the employer receives the request."

26.     Defendant failed to provide the required information within thirty business days of its receipt of the request.

## V.  STATEMENT OF CLAIMS

### COUNT I
### Interference With FMLA Rights – 29 U.S.C. § 2615(a)(1)

27.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully rewritten herein.

28.     An employer that interferes with, restrains, or denies the exercise of or the attempt to exercise, any right provided under this title takes an adverse employment action based, in whole or in part, on the fact that the employee took FMLA-protected leave has denied the employee a benefit to which he is entitled in violation of 29 U.S.C. § 2615(a)(1).

29.     Mr. Engstrom requested leave to which he was entitled under the FMLA. 29 U.S.C. §§ 2612(a)(1).

30.     Defendant unlawfully denied Mr. Engstrom FMLA leave.

31.     As a direct and proximate result of defendant's conduct, Mr. Engstrom suffered

damages.

**COUNT II**
**FMLA Retaliation – 29 U.S.C. § 2615(a)(2)**

32.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully

rewritten herein.

33.     An employer that retaliates against an employee for exercising rights protected by

the FMLA violates 29 U.S.C. § 2615(a)(2).

34.     Mr. Engstrom engaged in activity protected by the FMLA.  Specifically, he

requested FMLA leave for a serious health condition.

35.     Defendant was aware that Mr. Engstrom engaged in activity protected by the

FMLA.

36.     After learning of Mr. Engstrom's protected activity, defendant took adverse

employment actions against Mr. Engstrom, specifically, terminating his employment.

37.     The retaliation against Mr. Engstrom was a willful violation of 29 U.S.C.

§ 2615(a)(2).

38.     As a direct and proximate result of defendant's conduct, Mr. Engstrom suffered

damages, including without limitation loss of pay and benefits.

**COUNT III**
**Failure to Timely Provide Payroll Records - R.C. 4111.14(G)**

39.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully

rewritten herein.

40.     At all relevant times, Mr. Engstrom was an employee of defendant, acting within

the scope of his employment.

41.     Defendant has violated R.C. 4111.14(G) which requires an employer to timely

5

provide information in accordance with Article II, Section 34(a) of the Ohio Constitution, without charge to an employee or person acting on behalf of an employee upon request.

42.     R.C. 4111.14(G)(3) states that an employer shall provide the requested information within thirty (30) business days after the date the employer receives the request, unless (a) the employer and employee or person acting on behalf of the employee agree on an alternative time period or (b) the thirty-day period would cause a hardship on the employer.

43.     Defendant received Mr. Engstrom's request on May 11, 2021.

44.     Defendant was required to produce the records by June 24, 2021, but did not do so.

45.     Defendant neither requested nor claimed any of the exceptions under R.C. 4111.14(G)(3) as to not being able to provide the requested information within the thirty business days.

46.     As a direct and proximate result of defendant's conduct, Mr. Engstrom has suffered damages.

## COUNT IV
### Workers' Compensation Retaliation - R.C. 4123.90

47.     Plaintiff realleges and incorporates by reference all above paragraphs as if fully rewritten herein.

48.     Pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure, plaintiff pleads Count IV in the alternative.

49.     On or about March 28, 2021, Mr. Engstrom sustained an accidental occupational injury in the course and scope of his employment with defendant.

50.     That same day, defendant was notified of plaintiff's accidental occupational injury and his intent to exercise his rights under the Ohio Workers' Compensation Act.

51.     At all relevant times, Mr. Engstrom has received treatment for his injuries

according to the approval of the Ohio Bureau of Workers' Compensation.

52.     At all relevant times, defendant was prohibited under R.C. 4123.90 from taking retaliatory action against an employee for the filing of, or attempting to file, a Workers' Compensation claim; defendant was strictly prohibited from discharging, demoting, reassigning or taking any punitive action against any employee because the employee filed a claim or instituted, pursued or testified in any proceeding under the Workers' Compensation Act for any injury or occupational disease.

53.     Defendant violated R.C. 4123.90 by taking direct punitive action against plaintiff by terminating his employment on or about April 27, 2021.

54.     Pursuant to its statutory obligation under R.C. 4123.90, defendant is required to reinstate plaintiff with back pay and pay his reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Allen Engstrom demands judgment against defendant Love's Travel Stops & Country Stores, Inc. as follows:

1.     An order reinstating plaintiff to his position as diesel technician, or alternatively, judgment awarding plaintiff front pay in an amount to be determined by the evidence at trial;

2.     Judgment awarding plaintiff the value of his lost back pay and benefits in an amount to be determined by the evidence at trial;

3.     Judgment awarding plaintiff liquidated damages;

4.     Declaratory relief holding that the defendant violated plaintiff's statutorily protected rights;

5.     An order permanently enjoining defendant from further violations of plaintiff's statutorily protected rights;

6.      An order enjoining defendant from further retaliation against plaintiff for exercising his statutorily protected rights or otherwise retaliating against him for filing the instant action;

7.      Judgment awarding plaintiff his reasonable attorney fees and costs in this matter; and

8.      Judgment awarding plaintiff such other relief in law and equity to which he is entitled.

Respectfully submitted,

**MINNILLO LAW GROUP CO., LPA**

s/ *Robb S. Stokar*
Robb S. Stokar (OH-0091330)
2712 Observatory Avenue
Cincinnati, Ohio 45208
Tel:  (513) 723-1600
Fax:  (513) 723-1620
rss@mlg-lpa.com
*Trial Counsel for Plaintiff Allen Engstrom*

## Jury Demand

Plaintiff hereby demands that all issues of fact in the foregoing Complaint be tried to a jury.

*/s/ Robb S. Stokar*
Robb S. Stokar (OH-0091330)